AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 25 2026

CLERK, U.S. DISTRICT COURT
By ____________
Deputy

United States of America
v.

Araceli Nunez

*Defendant(s)*

Case No. 2:26-MJ-198

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 24, 2026 in the county of Carson in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) | Possession with Intent to Distribute 500 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Timothy Brock Tullos, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 9/25/2026

[signature: Lee Ann Reno]
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

No. 2:26-MJ-

AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Timothy Brock Tullos, being duly sworn, depose and state:

1. I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA).

2. I am assigned to DEA's Amarillo Resident Office (ARO). I was hired as a Task Force Officer from Borger Police Department in Borger, TX, in March 2024. In connection with my duties and responsibilities as a Task Force Officer, I have received extensive training in the field of narcotics trafficking investigations, including but not limited to conducting surveillance, undercover operations, utilizing confidential sources, and executing arrest and search warrants. Prior to being a DEA Task Force Officer, I completed my basic peace officer training at Amarillo College in October 2011. I have worked for Borger Police Department for over 10 years. During my tenure with Borger Police Department, I have made narcotic arrests and assisted with narcotics investigations.

3. This affidavit is made in support of a complaint and arrest warrant for Araceli NUNEZ. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4. On September 24, 2026, at approximately 3:50 p.m., TX State Trooper Alexandrea Moroles #14317 conducted a traffic stop on Highway 207-mile marker 302, on a white 2016 Dodge Dart (AR#BIZ58A) for fail to stop designated point stop sign.

5. During the traffic stop, Trooper Moroles identified driver and sole occupant of the vehicle, Araceli NUNEZ. Trooper Moroles observed indicators of criminal activity. Trooper Moroles asked for consent to search for the vehicle, and NUNEZ gave consent to search for the vehicle.

6. During the search of the vehicle, a box of plaster was in the trunk of the white Dodge Dart. The box of plaster had already been mixed. Trooper Moroles checked the contents of the plaster and located 4 bundles of suspected methamphetamine in the box of plaster. The four bundles were sealed in plastic zip top bags and covered in plaster.

7. Trooper Moroles placed NUNEZ in custody and NUNEZ told Trooper Moroles the packages are methamphetamine and there should be more in the dash.

8. Trooper Moroles transported NUNEZ to the TX DPS office in Carson County. Trooper Moroles completed the search of the white Dodge Dart but did not locate any more narcotics.

9. A sample of one of the four bundles was tested with the Tru Narc by Tx DPS Special Agent Micah Goodrich which tested positive for methamphetamine. The four (4) bundles had an approximate weight of 5.8 gross kilograms.

10. The quantity of the controlled substances and the manner the controlled substances were packaged are consistent with the distribution as opposed to someone's personal use.

11. Based upon the foregoing, there is probable cause to believe that NUNEZ did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

Timothy Brock Tullos
DEA Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone:

9/25/26 at Amarillo, TX
Date City and State

Lee Ann Reno, U.S. Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

Aspen Hall
~~Anna Marie Bell~~ ASPEN HALL
Assistant United States Attorney